WILLIAM ROBERTS and others, Plaintiffs in Error,

vs.

GEORGE WHITE, Assignee of Gillett & Truesdell, Defendant in Error.

ERROR TO THE FOND DU LAC COUNTY COURT.

On the submission to the court of an issue of law made upon demurrer, the court can only sustain or overrule the demurrer, but cannot proceed to assess the damages unless by consent of parties.

After judgment overruling the demurrer to a declaration, unless the defendant has leave to plead, the damages must be assessed by a jury by writ of inquiry, or by the clerk on reference to him.

This suit was brought by the defendant in error against the plaintiffs in error. The declaration was upon a recognizance, to which the defendant demurred. After the demurrer had been argued and submitted, the judge remarked that he knew not how he could render judgment for the plaintiff, for the want of any evidence before him of the amount due on the recognizance mentioned in the declaration. Whereupon the plaintiff offered in evidence the judgment docket of said court on which said recognizance was founded. To which the defendant objected, because the case had been submitted. But the objection was overruled and the evidence received, and judgment rendered in favor of the plaintiff, and against the defendants, for the sum of $89 damages, with costs.

*R. P. Eaton,* for the plaintiffs in error.

*Gillett & Truesdell,* for the defendant in error.

June Term
1854.

Roberts
et al.
vs.
White.

*By the Court*, WHITON, C. J. We do not see how this judgment can be sustained.

The bill of exceptions states that "after the demurrer had been argued by counsel, and submitted to the county judge, he said that he knew not how he could render a judgment for the plaintiff for the want of any evidence before him of the amount due on the judgment described in plaintiffs declaration. Whereupon plaintiff offered in evidence the judgment-docket of said court, to which defendant objected, because the case had been submitted, but the court received it, and the defendant excepted."

It appears, that although the question submitted to the judge was on the demurrer to the declaration only, he heard testimony as to the amount of the judgment described in the plaintiff's declaration, although the testimony was objected to by the defendant. This was clearly erroneous. The simple question for the judge to decide, was, whether the declaration set out a good cause of action. If it did, and if the defendant did not obtain leave to plead, the plaintiff should have had a judgment, and its amount should have been ascertained by a writ of inquiry, or by the clerk of the court, under the statute, unless the parties agreed that the judge should himself ascertain it. As the case stood, the judge had no authority to decide any question, except the simple one raised by the demurrer to the declaration. No evidence should therefore have been received to establish any question of fact. The judgment must be reversed.